UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD HANEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:13CV02341 AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Richard Haney's pro se motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On August 29, 2012, Petitioner pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On February 8, 2013, this Court sentenced petitioner to 40 months in prison, followed by a lifetime of supervised release. *United States v. Haney*, Case No. 4:12-CR-00049-AGF.

Petitioner now moves to set aside his conviction and sentence, claiming (1) this Court lacked jurisdiction over his crimes; (2) his lifetime term of supervised release constitutes double jeopardy and is excessive; and (3) the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, et seq., under which Petitioner must register as a sex offender, is unconstitutional. As the record before the Court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

On February 8, 2012, Petitioner was charged with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Petitioner was arrested on February 16, 2012, and the next day, the Court appointed Assistant Federal Public Defender Michael Dwyer to represent Petitioner. On Petitioner's motion, a mental competency hearing was held on June 27, 2012, and the Court determined that Petitioner was mentally competent to stand trial, and was able to understand the nature and consequences of the proceedings and assist properly in his own defense.

On August 29, 2012, Petitioner and the government entered into a plea agreement pursuant to which Petitioner would plead guilty to the count in the indictment and the government would pursue no further federal prosecution in this District related to Petitioner's possession of child pornography between April 2010 and December 2010, of which the government was then aware.

The plea agreement stated that Petitioner fully understood that the charge to which he was pleading guilty carried a maximum penalty of 10 years in prison, a fine of not more than $250,000, or both such imprisonment and fine, as well as a period of supervised release of up to life and not less than five years. The agreement provided that either party could request a sentence above or below the United States Sentencing Guidelines range ultimately determined by the Court.

In the plea agreement, Petitioner acknowledged that special conditions could be imposed with respect to supervised release, including prohibiting Petitioner from possessing a computer, prohibiting Petitioner from contacting minors without

2

authorization of his probation officer, and requiring Petitioner to participate in sex offender counseling. Petitioner further agreed that, as a condition of supervised release, he would be required to register with the state sex offender registry in Missouri and in any state where he resided, worked, or was a student, and would have to comply with all federal and state sex offender registration laws.

As part of the plea agreement, Petitioner stipulated to the following facts:

> On December 16, 2010, officers secured a valid search warrant for [Petitioner's apartment] and for any computer system or digital media contained within the apartment.
>
> On December 16, 2010, officers properly executed the search warrant at [Petitioner's apartment]. The defendant answered the door and confirmed his identity as Richard Haney. Officers advised the defendant that they had a search warrant and were looking for child pornography. The officers then gave the defendant his <u>Miranda</u> rights and the defendant agreed to be interviewed. The defendant acknowledged that he was using a Peer-2-Peer software program called "Shareaza" and that he had child pornography, including several videos, on his computer. He then admitted that he had 20 to 30 child pornography videos on his computer and stated that he knew that it was illegal. The defendant was again given his rights after the search and interviewed at the St. Louis Police Department. At that interview the defendant admitted to actively searching for child pornography as well as downloading it to his computer. He also admitted deleting child pornography so that he could free up additional disc space.
>
> The computer was submitted for a forensic examination by a qualified forensic examiner and the examination revealed that the defendant's computer and hard drives contained . . . 44 videos and 57 graphic files containing child pornography. Some of the videos and images contained sadistic or masochistic abuse of the underage victims. Some of the victims were under the age of twelve.
>
> . . .
>
> These materials were contained on a Western Digital hard drive that was produced outside the State of Missouri and traveled in interstate commerce. The defendant possessed more than 600 images of child

3

> pornography in that each video is considered to be the equivalent of 75 images.

(Case No. 4:12-CR-00049-AGF, Doc. No. 54 at 4-5.)

The parties agreed that Petitioner's Total Offense Level under the Guidelines was 28, and his Criminal History Category was I (the lowest possible). The parties agreed to waive all rights to appeal all sentencing issues other than the determination of Petitioner's Criminal History Category, which was left to the Court's determination, provided that the Court accepted the plea and the agreed-upon Total Offense Level, and sentenced Petitioner within or above the Guidelines range. The parties further waived all rights to appeal all non-jurisdictional and non-sentencing issues, and Petitioner waived the right to file a § 2255 motion except for claims of prosecutorial misconduct or ineffective assistance of counsel.

At the guilty plea hearing held on the day the plea agreement was executed, Petitioner represented that he was satisfied with his attorney's performance, that his attorney did everything Petitioner asked him to do, and that there was nothing that Petitioner could think of that his attorney should have done but did not do. Petitioner stated that he understood the terms of the plea agreement and the sentencing ramifications if he pleaded guilty. The Court ascertained the factual basis for the guilty plea and accepted the plea as knowing, intelligent, and voluntary.

On September 17, 2012, Petitioner filed a pro se motion to withdraw his guilty plea and to request that new counsel represent him. The Court held a hearing on Petitioner's pro se motion on November 19, 2012, and on that day, allowed Dwyer to

withdraw as counsel for Petitioner; appointed new counsel, Rodney H. Holmes, to represent Petitioner; and held that Petitioner's motion to set aside his guilty plea would be continued until after Petitioner consulted with new counsel.

On January 9, 2013, after Petitioner, represented by Holmes, advised the Court that he wished to withdraw his motion to set aside his guilty plea and proceed to sentencing, the Court set a sentencing hearing for February 8, 2013. At the sentencing hearing, Petitioner formally withdrew his motion to set aside his guilty plea. The Court then agreed that Petitioner's Total Offense Level was 28, and his Criminal History Category was I, which carried Guidelines imprisonment range of 78 to 97 months and a supervised release range of 5 years to life. However, the Court granted Petitioner's motion for a downward variance from the Guidelines range.

As noted above, the Court sentenced Petitioner to a below-Guidelines sentence of 40 months in prison, followed by lifetime term of supervised release with special conditions, including restrictions on consumption of alcohol and drugs, contact with children under 18, frequenting schools and places where minors may be found, use of post office boxes, and computer usage. The conditions also required Petitioner to comply with all federal and state sex offender registration laws and to participate in a sex offender treatment program. Petitioner did not appeal his conviction or sentence.

In the present motion, Petitioner first argues that the Court lacked jurisdiction over his crimes because jurisdiction "was based on the fact that [Petitioner's] hard drive was not manufactured in the state of Missouri," and "the [United States] Supreme Court has repeatedly held such a jurisdictional hook cannot constitutionally confer power [under the

Commerce Clause] to federally charge a defendant." (Doc. No. 1 at 7.) Second, Petitioner argues that his term of supervised release constitutes double jeopardy and that the lifetime duration and other conditions of the term are unreasonable. Finally, Petitioner argues that SORNA's registration requirement is unconstitutional because it exceeds Congress's authority under the Commerce Clause, constitutes double jeopardy, infringes on Petitioner's constitutional right to travel, and violates the Tenth Amendment.

In response, the government argues that Petitioner's claims are waived and in any event fail on the merits.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

As an initial matter, the Court agrees with the government that each of Petitioner's claims, except perhaps the first, was either waived or procedurally defaulted. A guilty plea "waives all challenges to the prosecution either by direct appeal or collateral attack, except challenges to the court's jurisdiction." *Mack v. United States*, 853 F.2d 585, 586 (8th Cir. 1988). Waivers of the right to seek collateral relief under § 2255, like the one in the plea agreement here, are generally valid. *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). And issues that could have been raised on appeal but were not, generally are considered procedurally defaulted and cannot be raised for the first time on

a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). But in any event, each of Petitioner's claims fails on the merits.

With respect to Petitioner's first claim, the statute under which Petitioner was charged, § 2252A(5)(B), criminalizes the possession of child pornography that is contained within, or was produced with, materials transported in interstate commerce. Petitioner has conceded that the child pornography he possessed was contained on a hard drive previously transported in interstate commerce, such that his conduct falls within the plain language of § 2252A(5)(B). But Petitioner apparently argues that by criminalizing this conduct, § 2252A(5)(B) exceeds Congress's authority under the Commerce Clause. The Eighth Circuit has squarely rejected this argument, including by distinguishing the Supreme Court authority Petitioner relies upon, such as *United States v. Morrison*, 529 U.S. 598 (2000), *Jones v. United States*, 529 U.S. 848 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995). *See United States v. Betcher*, 534 F.3d 820, 824 (8th Cir. 2008); *United States v. Mugan*, 441 F.3d 622, 628 (8th Cir. 2006); *United States v. Hampton*, 260 F.3d 832, 834-35 (8th Cir. 2001). The Court will therefore deny Petitioner's first claim.

Petitioner's second claim likewise fails on the merits. Title 18 U.S.C. § 3583(a) provides that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." 18 U.S.C. § 3583(a). Section 3583(k) adds that "the authorized term of supervised release . . . for any offense under section . . . 2252A . . . is any term of years not less than 5, or life." 18 U.S.C.

§ 3583(k). Thus, "[t]he term of imprisonment together with the term of supervised release . . . required by statute, form only one sentence," and do not constitute double jeopardy. *Nolan v. United States*, No. 4:06CV0007 RWS, 2007 WL 3564597, at *5 (E.D. Mo. Nov. 15, 2007). And sentences of lifetime terms of supervised release under similarly strict conditions have been upheld as substantively reasonable. *See, e.g., United States v. Hyer,* 498 F. App'x 658, 661 (8th Cir. 2013) (rejecting challenge to substantive reasonableness of lifetime term of supervised release under strict conditions, despite the defendant's lack of criminal history).

Finally, Petitioner's constitutional challenges to SORNA's registration requirement are without merit. *See United States v. Smith*, 642 F. App'x 655, 656 (8th Cir. 2016) (rejecting Commerce Clause challenge to SORNA); *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011) (rejecting Tenth Amendment and right-to-travel challenges to SORNA); *Steward v. Folz*, 190 F. App'x 476, 478-79 (7th Cir. 2006) (holding that SORNA's registration requirement does not constitute double jeopardy).

As noted above, an evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 USC § 2255(b); *see also Guzman-Ortiz v. United States*, No. 15-3184, 2017 WL 744034, at *4 (8th Cir. Feb. 27, 2017) (holding that a district court may forego holding an evidentiary hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Richard Haney's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**. (Doc. No. 1.)

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2017.